UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| E'CASANOVA,               )<br>                                              )<br>                     Plaintiff,   )<br>     vs.                                    )<br>                                              )<br>DEAN MORROW JR.,         )<br>                                              )<br>                     Defendant.  )<br>                                              )<br>_____) | Case No.: 2:20-cv-01255-GMN-BNW<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 4), filed by Defendant Dean Morrow Jr. ("Defendant"). Plaintiff E'Casanova ("Plaintiff") filed a Response, (ECF No. 7). Defendant did not file a Reply. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED.**

**I.     BACKGROUND**

This case arises out of Defendant's alleged online defamation and harassment of Plaintiff. Plaintiff is an actor and entertainer living in Nevada. (Compl. ¶ 6, ECF No. 1). Defendant, a Pennsylvania resident, is a social media influencer and YouTube personality, creating content under the name "Michael Trapson." (*Id.* ¶ 5).

Plaintiff asserts that Defendant has been using his social media platforms to defame and harass Plaintiff on the internet. (*Id.* ¶ 7). In particular, the Complaint alleges that Defendant calls Plaintiff a pedophile and encourages Plaintiff to kill himself. (*Id.*). As a result of Defendant's statements, Plaintiff claims that he has lost employment opportunities. (*Id.* ¶ 17). On August 14, 2020, Defendant filed the instant Motion to Dismiss, asserting that the Court lacks personal jurisdiction over Defendant in this matter. (Mot. Dismiss 1, ECF No. 4).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). District courts take the uncontroverted allegations in the complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. § 14.065; *Galatz v. Eighth Judicial Dist. Court*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit will not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

### III. DISCUSSION

Plaintiff alleges that the Court has personal jurisdiction over Defendant because Defendant has visited Nevada multiple times, his content is viewed by audiences in Nevada and other states, and his posts are directed specifically at Plaintiff, who is a citizen of Nevada. (Resp. at 1, ECF No. 7). In contrast, Defendant argues that the Court lacks personal jurisdiction because Defendant neither is a resident of Nevada nor has sufficient minimum contacts with the state. (*See generally* Mot. Dismiss, ECF No. 4).[1] The Court first discusses whether it can assert general personal jurisdiction over Defendant, and then addresses the availability of specific personal jurisdiction.

#### A. General Jurisdiction

Courts have general jurisdiction over parties at home in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the 'paradigm forum' for the exercise of general jurisdiction is the 'individual's domicile.'" *Bristol-Meyers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1776 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Here, Plaintiff admits that Defendant, an individual, is a resident of Pennsylvania; Plaintiff does not allege any other facts indicating that Defendant could be domiciled in Nevada. (Compl. ¶ 5). Further, there is no evidence that Defendant's visits to Nevada created ties continuous or systematic enough to establish general personal jurisdiction. *See LSI Indus.*, 232 F.3d at 1375.

#### B. Specific Jurisdiction

Specific personal jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050,

---

[1] The Court notes that both Plaintiff and Defendant are proceeding *pro se*, and therefore their filings are held to a less stringent standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

1057 (9th Cir. 2007).  Personal jurisdiction must arise out of "contacts that the defendant *himself* creates with the forum State." *Waldon v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted).  Further, personal jurisdiction cannot be established from the conduct of a plaintiff or third parties within the forum. *Id.*  In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Courts utilize a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057.  If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.*  However, "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

Under the first prong of the specific jurisdiction analysis in a tort case, a court analyzes whether the defendant "purposefully directed his conduct toward a forum state," which "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum . . . ." *Schwarzenegger*, 374 F.3d at 803.  The court considers whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that

the defendant knows is likely to be suffered in the forum state." *Id.* When determining whether the defendant expressly aimed its conduct at the forum state, the court focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284).

Here, Plaintiff has demonstrated that Defendant committed an intentional act; Plaintiff alleges that Defendant made defamatory and harassing posts about Plaintiff using various social media platforms, such as Instagram and YouTube. *See, e.g.*, *Cornelius v. DeLuca*, 709 F. Supp. 2d 1003, 1011 (D. Idaho 2010) ("Posting a message on [an] online forum is also an intentional act."); (Compl. ¶¶ 5, 8).

To support the assertion that Defendant expressly aims his conduct at Nevada when posting about Plaintiff online, Plaintiff points to *Calder v. Jones*, 465 U.S. 785 (1984). (*See* Resp. at 1–2). In *Calder*, an actress from California brought a libel suit against employees of the National Enquirer magazine, which is headquartered in Florida. 465 U.S. 783, 784–85 (1984). The Supreme Court held that a California court could exercise specific personal jurisdiction over the defendants because "their intentional conduct in Florida [was] calculated to cause injury to [the plaintiff] in California." *Id.* at 791. As such, Plaintiff claims that because his injury occurred while he was a resident of Nevada, the Court may exercise personal jurisdiction over Defendant, even though the conduct occurred in Pennsylvania. (*See* Resp. at 1–2). However, in *Walden v. Fiore*, the Supreme Court explained that the key to the decision in *Calder* was the "reputation-based 'effects' of the libel." 571 U.S. at 287. In other words, the negative impact that the National Enquirer's article had on the actress' public reputation in California "connected the defendants' conduct to *California*, not just to a plaintiff who lived there." *Id.* at 288. Thus, "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum . . . [t]he proper question is not whether plaintiff experienced

a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290.

Upon review of Plaintiff's arguments, Plaintiff has not met his burden to show that Defendant expressly aimed his conduct at Nevada. While Plaintiff alleges that he is a resident of Nevada and that Defendant's conduct defamed and harassed him, the singular fact that Defendant allegedly committed an intentional tort against a Nevada resident is not enough to establish specific personal jurisdiction. *See Walden*, 571 U.S. at 287–88. Plaintiff only explains how Defendant's conduct was aimed at Plaintiff, rather than explaining how Defendant's conduct was aimed at *Nevada*, such as by identifying the effects of Defendant's conduct on Plaintiff's reputation in the eyes of the Nevada public. *See, e.g.*, *Axiom Foods*, 874 F.3d at 1068 (quoting *Walden*, U.S. 571 at 285) ("minimum contacts analysis examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there'"). Finally, Nevada residents' ability to view Defendant's online content still does not indicate that Defendant expressly aims his conduct at Nevada; Plaintiff does not identify any evidence that Defendant specifically targets or solicits Nevada viewers, and in fact, Plaintiff alleges that Defendant's content reaches audiences "in Nevada and in *other states*." *See Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018) (holding that global production of a website, without express aiming at a particular forum, does not establish personal jurisdiction); (Resp. at 1).

Accordingly, Plaintiff has not established that Defendant purposefully directed his conduct toward Nevada, and thus, cannot satisfy a finding of specific personal jurisdiction. The Court dismisses Plaintiff's claims against Defendant without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (explaining that dismissals for lack of jurisdiction "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.") (internal citations omitted).

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 4), is **GRANTED**, and Plaintiff's claims against Defendant are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Consideration, (ECF No. 8), is **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __22__ day of February, 2021.

_____
Gloria M. Navarro, Chief Judge
United States District Court